**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-01352-VAP (DTBx)                                      Date:  July 15, 2014

Title:   CAMDEN OPPORTUNITY FUND WF, LLC -v- LEILANIE L. ROUSH AND DOES 1 TO 10
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                                             None Present
Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                               DEFENDANTS:

None                                                             None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY (IN CHAMBERS)

     On May 28, 2014, Camden Opportunity Fund WF, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer ("Complaint") against Defendant Leilanie Roush ("Defendant").  (See Ex. A to Not. of Removal (Doc. No. 1).)  On July 2, 2014, Defendant, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting Plaintiff violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (See Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

EDCV 14-01352-VAP (DTBx)
CAMDEN OPPORTUNITY FUND WF, LLC v. LEILANIE L. ROUSH AND DOES 1 TO 10
MINUTE ORDER of July 15, 2014

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant argues that Plaintiff's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (Not. of Removal at 2.) Defendant argues that Plaintiff violated PTFA by filing a state eviction proceeding before allowing 90 days to lapse as required by PTFA. (Id. at 2-3.) Accordingly, Defendant contends that Plaintiff's violation of federal law confers this Court with federal question jurisdiction.

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust , 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Plaintiff's state-based unlawful detainer cause of action does not, as Defendant urges, become a federal claim merely by Plaintiff's reference to a federal statute. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see also Rains v. Criterion Systems, Inc., 80 F.3d at 343 (state law creates the cause of action where plaintiff's complaint contained claim for wrongful termination in violation of public policy and merely

EDCV 14-01352-VAP (DTBx)
CAMDEN OPPORTUNITY FUND WF, LLC v. LEILANIE L. ROUSH AND DOES 1 TO 10
MINUTE ORDER of July 15, 2014

referenced Title VII).  Furthermore, as the Ninth Circuit has recently held for the first time, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013).  In other words, Plaintiff is barred from suing Defendant under the PTFA.  Thus, Defendant's argument that Plaintiff has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit.

Additionally, Defendant has not raised any other claims arising under federal law and therefore does not have independent basis for removal pursuant to 28 U.S.C. § 1441.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**